**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLARK COUNTY, )<br>)<br>                Plaintiff, )<br>)<br>vs. )<br>)<br>JACOBS ENGINEERING GROUP, INC., *et al.,* )<br>)<br>                Defendants. )<br>_____ ) | Case No.: 2:10-cv-00194-LRH-PAL<br><br>**<u>ORDER</u>** |

The court conducted a hearing on the parties' Stipulated Discovery Plan and Scheduling Order (Dkt. #25) which requested special scheduling review on May 13, 2010 at 10:00 a.m. Adam Bult appeared on behalf of the Plaintiff, and Timothy Thornton and Nicholas Wieczorek appeared on behalf of the Defendants.

The Complaint in this case was filed in State Court and removed (Dkt. #1) February 12, 2010. It involves an action by Plaintiff Clark County to recover in excess of $18,000,000.00 in fees paid by Plaintiffs to Defendant Jacobs for services rendered in connection with an expansion of the Clark County Detention Center ("CCDC") and to construct the Regional Justice Center ("RJC"). Clark County also seeks to recover $9,669,698.00 it paid to settle claims asserted by AF Construction Company ("AF") in connection with the CCDC project, and $51,193,173.00 paid to AF as an arbitration award in favor of AF against Plaintiff in connection with the RJC project.

Defendant Jacobs was the construction manager for both projects. Clark County claims that Jacobs' gross mismanagement of the CCDC project was a significant contributing factor in it being compelled to pay AF an additional $31,000,000.00 on the project. Clark County also claims that Jacobs' gross management of the CCDC and RCJ projects was a significant contributing factor in Clark County being compelled to pay additional sums to complete the projects. Defendants filed motions to

dismiss Plaintiff's equitable indemnity, unjust enrichment, contribution and apportionment claims on February 12, 2010. *See* Docket No.s 9, 10, 11 and 12. Plaintiff and Defendants stipulated that Plaintiff would dismiss its eleventh, thirteenth and fourteenth causes of actions without prejudice and that Plaintiff would be permitted to amend its twelfth cause of action for unjust enrichment. Plaintiff and Defendants also agreed to dismiss Defendant Jacob Engineering Group, Inc., without prejudice. *See Stipulation and Order*, Docket No. 21. However, Clark County has not yet filed an Amended Complaint.

The parties stipulated Discovery Plan and Scheduling Order requests special scheduling review and a November 15, 2011 discovery cutoff. The parties propose to exchange initial disclosures by June 15, 2010, but do not wish to initiate discovery until October 1, 2010 while they determine whether they will agree to mediate their disputes.

At the hearing, counsel for Plaintiff indicated that the parties had reached an impasse, and were unable to agree on a mediator. The parties conducted an initial Rule 26(f) conference, but have not discussed their discovery needs in any detail. Plaintiff expects to produce approximately 20,000,000 documents in this case. The bulk of the documents are in electronic form. Counsel for Plaintiff has been working with a local firm to make the data available for production in a fully searchable electronic database. Plaintiff also has approximately 300 boxes of hard copy documents, and will discuss the manner in which these should be reviewed and/or produced with the Defendants. The parties may have a dispute about the production of certain documents. However, counsel have not had an adequate opportunity to meet and confer to determine whether they can resolve this dispute. The court advised counsel that a November 15, 2011 discovery cutoff would not be approved. The court will require counsel to meet and confer and exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by June 15, 2010, and will conduct a status conference in approximately thirty days, and at regular intervals in this case to monitor the parties' progress and resolve any discovery disputes necessary to move this case toward final resolution in an expeditious manner.

**IT IS ORDERED** that:

1. the parties' proposed stipulated Discovery Plan and Scheduling Order (Dkt. #25) is **NOT APPROVED**.

2. A status and dispute resolution hearing is set for **June 22, 2010 at 9:00 a.m**. Each party requesting to appear telephonically is instructed to call Jeff Miller, Courtroom Deputy, at (702) 464-5420 **before 4:00 p.m., June 21, 2010** to indicate the name of the party participating and a telephone number where that party may be reached. The courtroom deputy will initiate the call.

3. The parties shall meet and confer and make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by June 15, 2010.

4. The parties shall submit a joint status report no later than June 18, 2010 at 4:00 p.m. The joint status report shall address the parties' progress in making their initial disclosures; the status of the exchange of ESI and hard copy productions; the results of the parties' discussions concerning the discovery each side anticipates will be necessary; identify the number of experts and the field of expertise each side anticipates designating; and provide a more detailed and comprehensive proposed Discovery Plan and Scheduling Order. The status report shall also address whether the parties have any discovery disputes and if so, describe the disputes, their efforts to meet and confer in a good-faith effort to resolve them without court intervention, and their respective positions with sufficient specificity to enable the court to resolve them without the necessity of formal briefing.

5. The court will enter a Discovery Plan and Scheduling Order at the hearing.

6. Clark County shall have until May 24, 2010 in which to file an Amended Complaint which effectuates the purpose of the parties' stipulation and order (Dkt. #21).

Dated this 13th day of May, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE