**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CLARK COUNTY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-00194-LRH-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JACOBS FACILITIES, INC., *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

The court conducted a status and dispute resolution conference on November 16, 2010.  Adam Bult appeared on behalf of the Plaintiff, and Nicholas Wieczorek, Timothy Thornton and Mark Menghini appeared on behalf of the Defendants.  The court reviewed the parties' Joint Status Report (Dkt. #43) and Defendants' position paper regarding Defendants' Rule 30(b)(6) Notice of Deposition: Damages (Dkt. 44) with counsel.

Counsel for the parties advised the court that they are behind in completing document exchanges, although significant progress has been made.  No depositions have been conducted, and the parties do not believe that the existing April 1, 2011 deadline for completing fact depositions is attainable.  Clark County has not produced e-mails in native format, and recently discovered that its e-mail files were not produced in prior arbitrations with A.F. Construction.  Counsel for Clark County is working with the County's IT Departments to identify the e-mail files that still exist; the files that are no longer available; where the e-mail files are currently stored; when they were lost discarded and/or destroyed; and when any e-mail files will be ready for production to Defendants.  Because of the number of individual witnesses involved in this case, this effort is a major undertaking.

The parties have a dispute concerning Defendants' notice of taking a Rule 30(b)(6) deposition on the subject of Plaintiff's damages.  Plaintiff served Defendants with a calculation of damages as

required by Fed.R.Civ.P. 26(a)(1)(A)(iii), indicating the County was claiming $100,700,489.00 in damages. Clark County is willing to produce a percipient witness to address how it arrived at this damages calculation. However, Clark County objects to categories No. 4 and 5 of the deposition notice, asserting the scope of these topics would be more appropriately addressed by an expert witness. Clark County argues that these deposition topics seek testimony regarding highly technical areas of projected scheduling analysis, such as "labor burden percentage amounts," calculation of time-related costs, the application of a "measured mile" assessment, and other formulations that are not generally within the purview of a lay witness. Clark County has confirmed in recent discovery responses that it is in the process of refining its damages calculations through expert analysis to determine those specific damages that Clark County claims were caused by Jacobs, independent of other parties to the Projects, as well as the legal and factual basis for those allocations. Thus, Clark County objects to producing a percipient witness to address topic 4 and 5, but is prepared to produce a traditional Rule 30(b)(6) witness for the remaining topics.

Defendants filed a separate position paper (Dkt. 44) asserting they are entitled to take a Rule 30(b)(6) deposition of the County to learn about each element of the Plaintiff's damages claim, including the factual and contractual basis underlying each element of the claim. Plaintiff also seeks deposition testimony about the manner in which each element was calculated, and what other calculation methodologies were considered by the County. During oral argument at the hearing, counsel for Jacobs argued that, after eleven months and years in underlying litigation, the County should be able to address all of the issues outlined in the deposition notice. However, Jacobs believes that the only portion of the County's claims that could arguably require expert analysis is the two line items of the County's damages calculation which refer to delay damages. Counsel for Jacobs also argues that, to the extent the witness or witnesses designated by Clark County need(s) to confer with the County's experts to provide deposition testimony on the topics, the County should be required to do so. Jacobs argues that it needs this information in order to conduct meaningful discovery within the time allowed by this court's Discovery Plan and Scheduling Order deadlines.

The court provided direction to the parties concerning the scope of the Rule 30(b)(6) deposition on Plaintiff's damages which Defendant has noticed. The court will require the county to produce a

knowledgeable Rule 30(b)(6) designee to address how the County calculated each line item on the Plaintiff's damages calculation, but will not require the County to educate its Rule 30(b)(6) deponent on the legal and factual analysis on which its experts are preparing damages calculations. Specifically, the County's Rule 30(b)(6) deponent need not be prepared to address the details of the County's delay damages, allocation of indemnity and contribution among tortfeasors, and the contractual basis and alternative methodologies used to calculate the County's recoverable damages. The Rule 30(b)(6) shall be appropriately educated and prepared to address with reasonable particularity, how Clark County arrived at the preliminary damages calculation it served on the Defendants pursuant to Rule 26(a)(1)(A)(iii).

The parties' Joint Status Report advised the court that they had agreed and stipulated to retroactively apply the changes to the Rules of Civil Procedure adopted by the Supreme Court which are scheduled to take effect December 1, 2010, in this case. Specifically, the parties agreed to comply with the proposed modification to Rule 26(a)(2)(B) regarding expert witness disclosures. The proposed modification will require only that the "facts or data considered by the witness" in forming expert opinions must be disclosed, replacing the current requirement of the rule that an expert disclose all "data or information" relied upon when developing expert opinions, preparing reports or preparing for testimony.

Finally, the parties' Joint Status Report requested a ninety-day extension of the Discovery Plan and Scheduling Order deadlines because they are behind in their document exchanges, and because of the recent discovery that Clark County has been unable to produce e-mails in native format. As the latter issue was only recently discovered, and the parties have not had an opportunity to discuss the matter or evaluate the scope of the problem, the court directed the parties to meet and confer. The court will conduct a status and scheduling conference in approximately thirty days, hear from the parties concerning the results of the County's efforts in discussing the problem with its IT Departments, and consider the parties' request for an adjustment of the deadlines given the information learned, and any proposals to rectify the problem.

**IT IS ORDERED**:

    1.    Defendants may proceed with a Rule 30(b)(6) deposition on Plaintiff's damages

consistent with the limitations imposed in this order.

2. Counsel for the parties shall meet and confer concerning ongoing issues regarding their document exchanges, and specifically, the issues involving Clark County's e-mail discovery.

3. The court will conduct a status and dispute resolution conference on **Tuesday, December 14, 2010 at 10:00 a.m.** The parties shall have until **12:00 noon on December 13, 2010,** to prepare and file the Joint Status Report.

Dated this 18th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge