KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
ADAM K. BULT, ESQ.
Nevada Bar No. 9332
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:  702.382.2101
Facsimile:  702.382.8135
E-mail:  klenhard@bhfs.com
E-mail:  abult@bhfs.com

CHRISTINE E. DRAGE, ESQ.
Nevada Bar No. 6624
WEIL & DRAGE, APC
6085 West Twain Avenue, Suite 203
Las Vegas, Nevada  89103
Telephone: (702) 314-1905
Facsimile:  (702) 314-1909
E-mail: cdrage@weildrage.com

DAVID J.J. ROGER, ESQ.
District Attorney
Nevada Bar No. 2481
E. LEE THOMSON, ESQ.
Chief Deputy District Attorney
Nevada Bar No. 1057
CIVIL DIVISION
500 South Grand Central Parkway, 5th Floor
P.O. Box 552215
Las Vegas, Nevada  89155-2215

*Attorneys for Plaintiff/Counterdefendant*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| CLARK COUNTY, a political subdivision of the State of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>JACOBS FACILITIES INC., a Foreign Corporation; and/or CRSS CONSTRUCTORS, INC., a Foreign Corporation; ROE Corporations I-X,<br><br>Defendants.<br><br>AND ALL RELATED CLAIMS. | CASE NO.:  2:10-cv-00194<br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL** |

# STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED by and between Plaintiff, Clark County, and Defendants, Jacobs Facilities Inc. and CRSS Constructors, Inc., through their respective counsel of record, that this Protective Order shall apply to any information, document, or thing that is subject to discovery in this action, and which is believed in good faith by the party producing ("Producing Party") the information (to the party requesting same ("Requesting Party"), to contain confidential information. The terms of the Stipulated Protective Order Regarding Confidential Information, hereinafter "Protective Order", are identified below:

## A. CONFIDENTIAL TREATMENT OF CONFIDENTIAL MATERIAL

1. "Confidential Material" means any material protected by the attorney-client privilege or work-product doctrine or other material disclosed in this litigation which is considered to be confidential and proprietary to the Producing Party. The party receiving Confidential Material shall hold it in confidence and shall not use any such material other than for the purposes of this litigation. To that end, the parties shall limit the disclosure of all such material only to those persons with a need to know the information as defined in ¶___ of this Protective Order for purposes of supporting their position in this litigation.

2. If any Confidential Material is disclosed by the Requesting Party through inadvertence or otherwise to any person not authorized to receive such Confidential Material pursuant to this Protective Order, the party causing the disclosure shall inform the person receiving such Confidential Material that the information is subject to this Protective Order, make its best efforts to retrieve such Confidential Material, and shall inform the Producing Party in writing within seven (7) days of learning of the disclosure.

3. The Requesting Party has no confidentiality obligations with respect to any Confidential Material that:

    a) is demonstratively already known to the Requesting Party without restriction prior to the date of this Protective Order;

    b) is or becomes publicly known otherwise than by the Requesting Party's breach of

this Protective Order:

c) is received by the Requesting Party without restriction from a third-party who is not known by the Requesting Party to be under an obligation of confidentiality;

d) is independently developed by the Requesting Party without reference to any Confidential Material;

e) is approved for release by written authorization of the Producing Party; or

f) is disclosed by the Requesting Party pursuant to judicial action, provided that Producing Party is reasonably notified prior to the time such action is initiated.

4.  Any Confidential Material disclosed by the Producing Party to the Requesting Party pursuant to this Protective Order is and remains the exclusive property of the Producing Party.

5.  In responding to a discovery request, counsel for the Producing Party may designate any document or information containing Confidential Material as "CONFIDENTIAL" by labeling the document or information with the mark "CONFIDENTIAL" or otherwise including that designation on an appropriate cover letter or document sufficient to advise the document's recipient of the designation. Counsel for the Producing Party shall not designate any documents or information to be CONFIDENTIAL unless counsel reasonably and in good faith believes that such documents or information meet the definition of Confidential Material as set forth in paragraph 1 of this Protective Order.

6.  The words "document" or "documents" or "information" or "material" as used herein means all paper and any other tangible thing, including, but not limited to, electronic files, produced in response to a formal or informal discovery request in connection with this litigation.

7.  Inadvertent production of Confidential Material shall not constitute a waiver of the right to make an after-the-fact good faith designation. Upon the discovery of such inadvertent production, the Producing Party shall notify the Requesting Party in receipt of the document that it is designated "CONFIDENTIAL" in the manner specified in paragraph C.5., of this Protective Order. An after-the-fact designation may be made orally on the record in any deposition, together with any explanation relative to inadvertence or oversight, and shall be honored by all present in

the same manner as if originally designated "CONFIDENTIAL." In the event of an after-the-fact designation pursuant to this paragraph, the Requesting Party shall advise any persons or entities to whom such documents or information had previously been provided of the new designation.

8.  In the event a recipient of a document declared "CONFIDENTIAL" disagrees with the designation, the proponent of confidentiality shall be so advised in writing by the objecting party and the producing party shall have 15 business days within which to withdraw the confidential designation or move the Court to make a determination of confidentiality of any document in dispute. Pending such determination by the Court, any document in issue shall continue to be protected pursuant to the provisions of this Order.

9.  "CONFIDENTIAL" information shall only be produced, revealed or disclosed to:

   a)  the Court, its staff, court reporters, jury and witnesses at trial;

   b)  attorneys in this action and employees of such counsel to whom it is necessary that the material be shown for purposes of the prosecution or defense of this action;

   c)  employees of the parties to this action who counsel reasonably and in good faith believes disclosure is necessary to the prosecution or defense of this action;

   d)  consultants or experts unrelated to the parties to this action and retained by them in order to assist in the prosecution or defense of this action, provided such persons are first given a copy of this Order and advised of the obligation to maintain the confidentiality of the information;

   e)  a deponent at the time of deposition, provided that such persons are first given a copy of this Order and advised of the obligation to maintain the confidentiality of the information;

   f)  vendors retained in this action to assist with the preparation of discovery, provided that such persons are first given a copy of this Order and advised of the obligation to maintain the confidentiality of the information; and

   g)  any other person by the parties' mutual written agreement or order of the Court after notice to all parties. Any such person who is given access to protected

information shall be given a copy of this Order and advised of the obligation to maintain the confidentiality of the information.

10. In the event a party seeks to use "CONFIDENTIAL" documents in a deposition, those portions of the deposition transcripts describing or incorporating any protected materials shall be deemed designated as "CONFIDENTIAL."

11. The provisions of this Order shall not determine whether and to what extent any document or information is admissible into evidence.

12. Within 30 days of the final resolution of this litigation, a party that has received Confidential Material so designated shall return same to the Producing Party. A Requesting Party shall not retain, in any medium, copies of any Confidential Material received and shall advise and direct all persons to whom Confidential Material has been provided that no Confidential Material provided to them may be retained in any medium.

B. **CONFIDENTIAL MATERIAL**

1. Consistent with the provisions of Paragraph A.1., of this Protective Order and without prejudice to the right of a party to object to the production of the following information, or of a party to seek production, the Confidential Material subject to designation as "CONFIDENTIAL" shall include:

    a) Defendants' Insurance agreement(s);

    b) Plaintiff's Invoices for legal counsel in the underlying matters involving the construction projects for the Clark County Regional Justice Center and the Clark County Detention Center, including invoices for:

        i. Rooker Rawlins (f/k/a Rooker Mohrman Rawlins & Bailey, LLP),

        ii. Peel Brimley,

        iii. Seyfarth Shaw, and

        iv. Jones Vargas;

    c) Settlement Agreements and Settlement Communication in the underlying matters involving the construction projects for the Clark County Regional Justice Center and the Clark County Detention Center; or

      d)    Any and all responsive documents for Clark County's Request for Production Nos. 92-93.

      e)    Any other information which the producing party shall in good faith designate as confidential as discovery progresses.

**C.    GENERAL PROVISIONS**

1.    This Protective Order is binding on the parties to the Protective Order when signed regardless of whether or when the court enters its Order on it.

2.    Nothing in this Protective Order prevents any party from applying to the court for a modification of this Protective Order should the moving party believe the Protective Order, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective agreements; or from an agreement between the parties to any modification of this Protective Order, subject to the approval of the court.

3.    This Protective Order shall survive the final termination of this case regarding any retained documents or contents thereof.

4.    This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Confidential Material is properly discoverable, relevant, or admissible in this or any other litigation. Each party reserves the right to object to any disclosure or production of Confidential Material.

5.    A party or third party producing Confidential Material shall label or mark same to be confidential with the legend:

**"CONFIDENTIAL – Subject to Protective Order"**

Such stamping or marking shall take place prior to the production by the Producing Party, or subsequent to selection by the Requesting Party for copying, but prior to the actual copying if done expeditiously. The stamp shall be affixed in such a manner as not to obliterate or obscure any written matter. The parties shall, in good faith, designate "Confidential" only such discovery material as reasonably requires confidential treatment. A Producing Party that inadvertently fails to mark an item as confidential at the time of production shall have a reasonable opportunity to correct its failure. Such correction and notice thereof shall be made in writing, expeditiously

upon learning of the inadvertent disclosure, and accompanied by substitute copies of each item, appropriately marked as confidential. Where such discovery material constitutes documents, the Producing Party must notify all Requesting Party of the specific bates numbers of the documents, if any, designated as confidential. After receipt of such notification, the Requesting Party shall treat the designated discovery material as confidential, subject to its right to dispute such designation. Moreover, within five (5) business days of receipt of the substitute copies, the Requesting Party shall return the previously unmarked items and all copies thereof.

6. In the case of deposition testimony, confidentiality designations shall be made within 30 calendar days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of the such 30 calendar day period, the entire text of the deposition, including exhibits, shall be treated as confidential under the Protective Order. In the event that a party inadvertently fails to designate a portion of a deposition transcript as confidential, the party may, upon a showing of good cause, subsequently make such designation by notifying all other parties, in writing, as soon as practicable, by page and line number(s).

7. Prior to being given access to Confidential Material, each person shall be provided with a copy of this Protective Order and shall execute a copy of the Endorsement of Stipulation and Protective Order, attached hereto as Exhibit 1. Counsel providing such access to Confidential Material shall retain copies of the Endorsement(s) of Stipulation and Protective Order and shall provide them to counsel producing confidential materials.

8. Any Confidential Material that is filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such Confidential Material shall be filed under seal and shall bear the legend:

**"THIS DOCUMENT CONTAINS CONFIDENTIAL MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT."**

1  Furthermore, any such filing of Confidential Material shall be done in a manner consistent with
2  the Federal Rules of Civil Procedure regarding the filing of discovery material under seal.
3  Moreover, said Confidential Material, shall be kept under seal until further order of the Court;
4  however, said Confidential Material and other papers filed under seal shall be available to the
5  Court and counsel of record, and to all other persons entitled to receive the Confidential Material
6  contained therein under the terms of this Protective Order. Upon failure of the filing party to
7  properly designate Confidential Material and file such Confidential Material in accordance with
8  this Protective Order, any other party may do so after learning of the defective filing. Notice of
9  such designation shall be given to all parties. Nothing in this provision relieves a party of liability
10 for damages caused by failure to properly file such Confidential Material. All such Confidential
11 Material so filed shall be released from confidential treatment only upon further order of the
12 Court.

13      9.      If at any time, a party wishes for any reason to dispute a designation of a document
14 or discovery material as confidential, such party shall notify the designating party of such dispute
15 in writing, specifying the exact Bates number (if any) of any document in dispute, and setting
16 forth the precise nature of the dispute with regard to each such document or other discovery
17 material. The designating party shall have fifteen (15) business days to respond. If the
18 designating party refuses to remove the confidential designation, the parties must participate in a
19 discovery dispute conference at a mutually agreeable date and time. If the parties are thereafter
20 unable to amicably resolve the dispute, the disputing party may apply by motion to the Court for a
21 ruling as to whether the designated discovery material may, in accordance with this Protective
22 Order, properly be treated as confidential, provided such motion is made within thirty (30)
23 calendar days from the date on which the parties, after good faith attempt, cannot resolve the
24 dispute or such other time period as the parties may agree. The disputing party shall have the
25 burden of proof on such motion to establish the impropriety of the confidentiality designation.
26 The parties shall confer in good faith before filing any motion relating to this Protective Order.

27      10.     This Protective Order shall not prevent any person bound hereby from making use
28 of Confidential Material without the restrictions of this Protective Order where there has been a

final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

11. Nothing in this Protective Order shall limit or circumscribe in any manner any rights the parties may have under common law or pursuant to any statute, regulation, or ethical cannon.

12. Consistent with paragraph C.8., above, stamped Confidential Material may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five (5) business days' advance notice to counsel for any party that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

13. Nothing in the above paragraph shall serve to waive a party's right to, at a later date before trial, challenge the admissibility of Confidential Material for whatever reason it deems appropriate under the Rules of Evidence, the Agreement(s) in place and/or relevant case law.

14. If another court or an administrative agency subpoenas or orders production of stamped Confidential Material that a party has obtained under the terms of this order, such party must, within three (3) business day, notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

15. Stamped Confidential Material need not be filed with the clerk except when required in connection with motions or other matters pending before the court. If filed, they must be filed under seal and must remain sealed while in the office of the clerk so long as they retain their status as stamped Confidential Material.

16. Nothing in this order is intended to prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel must not make specific disclosure of any item so

designated except pursuant to the procedures set forth herein.

17. Persons obtaining access to stamped Confidential Material under this order must use the information only for preparation and trial of this litigation (including appeals and retrials), and must not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. *[For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]*

18. The provisions of this order do not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped Confidential Material and all copies of same (other than exhibits of record) must be returned to the party that produced such Confidential Material or, at the option of the Producing Party (if it retains at least one copy of the same), destroyed. All counsel of record must make certification of compliance herewith and must deliver the same to counsel for the Producing Party not more than 150 calendar days after final termination of this litigation.

19. Nothing in this order shall prevent any party from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

20. The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped Confidential Material. Parties must not duplicate any stamped confidential document except working copies and for filing in court under seal.

21. Review of the Confidential Material by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or in camera disclosure of Confidential Material shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality provided that Producing Party takes reasonable measures consistent with the terms of this Protective Order to preserve the confidentiality of same.

...

...

22. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material sought.

DATED this 29th day of June, 2011.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _____
KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
ADAM K. BULT, ESQ.
Nevada Bar No. 9332
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: 702.382.2101
Facsimile: 702.382.8135
E-mail: klenhard@bhfs.com
E-mail: abult@bhfs.com

CHRISTINE E. DRAGE, ESQ.
Nevada Bar No. 6624
WEIL & DRAGE, APC
6085 West Twain Avenue, Suite 203
Las Vegas, Nevada 89103
Telephone: (702) 314-1905
Facsimile: (702) 314-1909
E-mail: cdrage@weildrage.com

DAVID J.J. ROGER, ESQ.
District Attorney
Nevada Bar No. 2481
E. LEE THOMSON, ESQ.
Chief Deputy District Attorney
Nevada Bar No. 1057
CIVIL DIVISION
500 South Grand Central Parkway, 5th Floor
P.O. Box 552215
Las Vegas, Nevada 89155-2215

*Attorneys for Plaintiff/Counterdefendant*

...

...

...

...

DATED this 10th day of June, 2011.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/ Timothy R. Thornton
TIMOTHY R. THORNTON, ESQ.
Pro Hac Vice
MARK A. MENGHINI, ESQ.
Pro Hac Vice
10 South Broadway, Suite 2000
St. Louis, MO 63102
E-mail: trt@greensfelder.com
E-mail: mam@greensfelder.com

NICHOLAS M. WIECZOREK, ESQ.
Nevada Bar No. 6170
MORRIS POLICH & PURDY LLP
3883 Howard Hughes Pkwy., Suite 560
Las Vegas, NV 89169
E-mail: nwieczorek@mpplaw.com

*Attorneys for Jacobs Facilities Inc., and CRSS Constructors, Inc.*

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the court's authority and with the consent of the parties, **IT IS SO ORDERED:**

Dated this 30th day of June, 2011.

_____
PEGGY LEEN
UNITED STATES MAGISTRATE JUDGE

...
...
...

1267913 v3

12

| | |
|---|---|
| 1 | Respectfully submitted by: |
| 2 | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
| 3 | |
| 4 | By: _____ |
| | KIRK B. LENHARD, ESQ. |
| 5 | Nevada Bar No. 1437 |
| | ADAM K. BULT, ESQ. |
| 6 | Nevada Bar No. 9332 |
| | 100 North City Parkway, Suite 1600 |
| 7 | Las Vegas, Nevada 89106 |
| | Telephone: 702.382.2101 |
| 8 | Facsimile: 702.382.8135 |
| | E-mail: klenhard@bhfs.com |
| 9 | E-mail: abult@bhfs.com |
| 10 | *Attorneys for Plaintiff/Counterdefendant* |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1267913 v3

13

# EXHIBIT 1

# EXHIBIT 1

# EXHIBIT 1

## ENDORSEMENT OF STIPULATION AND PROTECTIVE ORDER

I, _____, hereby attest to my understanding that information or documents designated "Confidential" are provided to me subject to the Stipulation and Protective Order Regarding Confidential Material dated _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Stipulation and Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others except in accord with the Protective Order, any Confidential Material, in any form whatsoever, and that such Confidential Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that any obligation to honor the confidentiality of such Confidential Material will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of United States District Court for the District of Nevada for the purposes of any proceedings relating to enforcement of the Protective Order.

...
...
...
...
...
...
...

I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

DATED this _____ day of _____, 20___.

_____
Signature

_____
Printed Name

Subscribed and sworn to before me

this ___ day of _____, 20___.

_____
Notary Public