UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CLARK COUNTY, a political subdivision of the State of Nevada, | ) ) ) | |
| Plaintiff, | ) ) ) | 2:10-CV-00194-LRH-PAL |
| v. | ) ) | ORDER |
| JACOBS FACILITIES INC., a Foreign Corporation; and/or CRSS CONSTRUCTORS, INC., a Foreign Corporation; ROE Corporations I-X, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the court is Defendants Jacobs Facilities Inc. and CRSS Constructors, Inc.'s Motion for Leave to File Third-Party Complaint Against and to Serve Summons Upon Tate Snyder Kimsey Architects, Ltd. (#70[1]). Plaintiff Clark County has filed an opposition (#72), and Defendants filed a reply (#74).

**I.     Facts and Procedural History**

This action arises out of Defendants' provision of services to Clark County as its Project Management Consultant on two construction projects: the expansion of the Clark County Detention Center and the construction of the Regional Justice Center. Clark County originally filed its

---

[1]Refers to court's docket entry number.

complaint in state court, and Defendants removed the action on the basis of diversity jurisdiction on February 12, 2010. Doc. #1. Following removal, Clark County filed the operative Amended Complaint on May 24, 2010. Doc. #30.

One year later, on May 27, 2011, Defendants filed the instant motion for leave to file a third-party complaint against, and to serve a summons upon, Tate Snyder Kimsey Architects, Ltd. ("TSKA"), the architect on the Regional Justice Center project. Doc. #70. Defendants' Third-Party Complaint contains a single cause of action for breach of contract based on TSKA's alleged breach of its duties to defend, indemnify and hold harmless the Defendants pursuant to a clause in TSKA's contract with Clark County. Doc. #70, Exh. A.

## II. Discussion

Federal Rule of Civil Procedure 14(a) permits a defending party, as third-party plaintiff, to implead a third-party defendant "who is or may be liable to it for all or part of the claim against it." When impleader is sought more than 14 days after serving its answer to the original complaint, however, "the third-party plaintiff must, by motion, obtain the court's leave." *Id.*

"The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). Impleader may be denied, however, where it will disadvantage the existing action. *Id.* The decision on leave to file a third-party complaint is within the district court's sound discretion. *Id.*

Here, the court finds that granting Defendants leave to file a third-party complaint against TSKA for derivative liability on Clark County's claims original against Defendants is consistent with the purposes of Rule 14(a). Contrary to Clark County's assertion, the motion is not untimely under either Rule 14(a) or the governing discovery schedule, which sets a February 2012 deadline

for adding parties.  Nor does the court find that Defendants' delay was unreasonable or that any prejudice to Clark County outweighs the interests promoted by the rule.

      Without reaching the merits of Clark County's underlying contentions, the court declines to deny leave on the basis that allowing the filing of Defendants' third-party complaint would be futile.  The authorities cited for the proposition that leave may be denied based on futility govern leave to file an amended complaint, not leave to file a third-party complaint.  Rule 14(a) expressly permits impleader where the proposed third-party defendant "may be liable" to the original defendant, and Defendants' third-party complaint asserts at least a colorable claim for relief.  Any Rule 12 defenses to Defendants' third-party claim are properly raised by TSKA as third-party defendant in its answer to the third-party complaint, not by Clark County as the original plaintiff in opposition to a motion for leave to file.  *See* Rule 14(a)(2).

      IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Third-Party Complaint Against and to Serve Summons Upon Tate Snyder Kimsey Architects, Ltd. (#70) is hereby GRANTED.

      IT IS SO ORDERED.

      DATED this 21st day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE